IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LOUISE GRAUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  13-CV-49-RAW |
| ) | |
| (1)   SOUTHERN INSURANCE COMPANY, ) | Removed from D.C. of Carter |
| ) | County, CJ-2012-180 |
| Defendant. ) | |

### NOTICE OF REMOVAL
28 U.S.C. § 1446(a)

TO THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA:

1.  <u>Notice</u>.  Pursuant to 28 U.S.C. §§ 1441 and 1446, and Rules 81.2 and 81.3 of the Local Civil Rules for the United States District Court for the Eastern District of Oklahoma, Defendant, Southern Insurance Company  ("Southern"), a foreign corporation, removes this action to this Court, which is the judicial district in which the action is pending.  In support of this Notice, Southern states as follows:

2.  <u>The State Court Action</u>.  Plaintiff, Louise Grauel ("Plaintiff") commenced this action against Southern on July 11, 2012, in the District Court of Carter County, State of Oklahoma (Case No. CJ-2012-180) (the "State Court Action").  (A copy of the Petition filed in Carter County is included in the State Court papers attached hereto as Exhibit 1(a)).  Southern was served through the Oklahoma Insurance Commissioner and the Summons was received by Southern on January 10, 2013.  (Exhibits 1(a) and 2, copy of Petition and Summons).

1

3.      <u>Attachment of State Court Papers</u>.  Pursuant to Local Civil Rule 81.2, Southern has attached as Exhibit 1 all state court papers filed in the State Court Action as of the time of removal and a copy of the docket sheet.

3.      <u>Removal Is Proper</u>.  Removal to this Court from the District Court of Carter County, State of Oklahoma, is proper pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (a) there is complete diversity of citizenship between Plaintiff and Southern; (b) the amount in controversy exceeds $75,000; and (c) this Notice of Removal is filed less than thirty days after Southern was served with summons.

**A.     <u>Diversity of Citizenship Exists</u>**

5.      <u>Plaintiff is a Citizen of Oklahoma</u>: As alleged by Plaintiff in paragraph 1 of her Petition, Plaintiff is a citizen and resident of Carter County, State of Oklahoma.

6.      <u>Defendant Is Not A Citizen of Oklahoma</u>.  Also as set forth by Plaintiff in paragraph 2 of her Petition, Southern is a foreign corporation.  Southern is organized and existing under the laws of a state other than the State of Oklahoma, and it maintains its principal place of business in Dallas, Texas.

**B.     <u>The Amount In Controversy Exceeds $75,000</u>**

7.      <u>Plaintiff Alleges Contract and Tort Damages Exceeding $75,000</u>.  The allegations in Plaintiff's State Court Petition make clear the amount in controversy exceeds $75,000.  The Petition asserts causes of action against Southern for breach of contract and bad faith/breach of the duty of good faith and fair dealing.  In connection with the bad faith claim, Plaintiff's Petition states "Plaintiff prays that judgment be entered on her behalf against Defendant <u>in excess</u> of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code…" (Exhibit 1(a), Wherefore Clause) (emphasis added).  Accordingly,

Plaintiff's Petition plainly seeks over $75,000.00 in damages, thus satisfying the jurisdictional amount.

8.  <u>Plaintiff's Petition Seeks Punitive Damages and Attorneys Fees</u>.  In addition to seeking over $75,000.00 in damages for alleged breach of contract and bad faith, Plaintiff also seeks "punitive damages in an amount to be determined by the jury…" (*Id.*, Wherefore Clause). Furthermore, Plaintiff's Petition states she is entitled to reasonable attorney's fees. (*See Id.*). In Oklahoma, an insured can recover attorney fees in a bad faith suit against his or her insurer pursuant to 36 O.S. §§ 1219 and 3629. *See Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080, 1107. In fact, Section 3629 makes attorney fees mandatory if the insured is the prevailing party under the statute. *Stauth v. National Union Fire Ins. Co. of Pittsburg*, 236 F.3d 1260, 1267 (10th Cir. 2001). The potential award of attorney fees, in addition to the contract and punitive damages sought, should be considered in determining whether the jurisdictional amount is satisfied. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1214, 1218 (10th Cir. 2003); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). As noted by the Northern District of Oklahoma, attorney fee awards can be substantial in and of themselves." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1278 (N.D. Okla. 2006). *See also Lindley v. Life Investors Ins. Co. of America*, 2008 WL 4525423 (N.D. Okla., Oct. 2, 2008) (valuing attorney fees in a bad faith case based on a denial of medical benefits claim at $45,000 for purposes of determining the amount in controversy). Accordingly, Plaintiff's potential recovery of attorney fees is a proper and substantial factor for the Court to consider in determining the amount in controversy exceeds $75,000.00.

Likewise, the United States Supreme Court has recognized the amount in controversy for removal of a case to federal court includes a plaintiff's claim for punitive damages. *Bell v.*

3

*Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). Southern is aware that a plaintiff's mere assertion of punitive damages is not, in and of itself, sufficient to establish the amount in controversy. Here, however, Southern does not rely solely on Plaintiff's claim for punitive damages to establish the jurisdictional amount. Rather, Plaintiff's punitive damages request is merely one of many facts which, in combination, establish that well more than $75,000.00 is at stake.

C.   ***The Removal Is Timely And Procedure Is Proper***

11.   Removal Within Thirty Days Of Receipt. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Southern was served with summons through the Insurance Commissioner for the State of Oklahoma, which was on January 10, 2013. (*See* Exhibit 2).

12.   Notice Of Filing. Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Carter County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d). (*See* Exhibit 3, Notice of Filing of Notice of Removal (exhibit omitted)).

13.   Payment Of Removal Fee. Southern's counsel has forwarded a check for the removal fee to the Clerk of this Court simultaneously with the filing of this Notice.

WHEREFORE, Defendant, Southern Insurance Company, removes this action to this Court and invokes this Court's jurisdiction.

DATED this 28th day of January, 2013.

s/Kyle D. Evans
Lance E. Leffel, OBA #19511
Kyle D. Evans, OBA #22135
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
E-mails:  lleffel@fellerssnider.com
              kevans@fellerssnider.com

Attorneys for Defendant,
Southern Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the same day this Notice of Removal was filed in the United States District Court for the Eastern District of Oklahoma, that a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff, by:

X   U.S. Postal Service            ☐ In Person Delivery

☐ Courier Service                   ☐ E-Mail

Robert N. Naifeh, Jr., Esq.
Rachel R. Shephard, Esq.
DERRYBERRY & NAIFEH, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3300

and further that a copy of said Notice of Removal was filed in the office of the Carter County Court Clerk in Case No. CJ-2012-180.

s/Kyle D. Evans
Kyle D. Evans

612129