# EXHIBIT 1(a)

IN THE DISTRICT COURT OF CARTER COUNTY
STATE OF OKLAHOMA

LOUISE GRAUEL, an individual )
)
    Plaintiff, )
)
vs. )
) Case No.: CJ-2012-180
SOUTHERN INSURANCE )
COMPANY, a foreign insurer, )
)
    Defendant. )
)

**FILED**
IN DISTRICT COURT
JUL 11 2012
AT _____ o'clock _____ M.
KAREN VOLINO, Court Clerk
Carter County, Oklahoma

## PETITION

COMES NOW the Plaintiff, Louise Grauel ("Grauel"), an individual, and for her claims against Defendant Southern Insurance Company, a foreign insurer, alleges and states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Louise Grauel is an individual residing in Ardmore, Carter County, Oklahoma.

2. Upon information and belief, Defendant Southern Insurance Company is a foreign insurer licensed to do business in the State of Oklahoma.

3. At issue in this matter is the breach of a contract of insurance, a Farm & Ranch Owners Policy, Policy No. RRFR1529931786, issued to Plaintiff by Defendant, effective July 30, 2007, to July 30, 2009, covering her home located in Ardmore, Carter County, Oklahoma.

4. As such, venue properly lies with this Court and this Court has jurisdiction over this matter pursuant to 12 O.S. § 137.

## COUNT I: BREACH OF CONTRACT

For her first count, Plaintiff re-alleges the allegations contained in Paragraphs 1 through 4 of the Petition and further alleges:

5. On or about March 1, 2008, Plaintiff suffered wind and storm damage to the roof of her home. In March of 2008, Plaintiff took reasonable steps to repair the damage to her roof.

6. In March of 2010, Plaintiff first discovered that water had leaked through the roof, causing damage to decking of the roof and to the interior of her home, and submitted her claim under the policy to Defendant.

7. Thereafter, Defendant undertook to adjust Plaintiff's claim, denied any coverage under its policy for the damage to Plaintiff's roof, and only made partial payment for interior damage to Plaintiff's home. Plaintiff repaired the damages to her roof, entirely at her own expense.

8. In March of 2011, Plaintiff discovered additional water damage to the interior of her home, and notified Defendant of the additional damage.

9. In July of 2011, Defendant made another partial payment to Plaintiff, which amount was substantially less than the costs to repair the interior damage.

10. The failure to pay for damages to the Plaintiff's roof or to pay for all covered damages to the interior of Plaintiff's home is a breach of the Plaintiff's policy of insurance with the Defendant.

11. As a result of Defendant's breach, Plaintiff has been damaged in the amount in excess of $50,000.00, plus interest accrued and accruing, court costs and reasonable attorney's fees, and for such other and further relief as this Court deems just and equitable under the circumstances.

WHEREFORE, Plaintiff prays that judgment be entered on her behalf against Defendant in excess of $50,000.00, plus interest accrued and accruing, court costs and reasonable attorney's fees, and for such other and further relief as this Court deems just and equitable under the circumstances.

## COUNT II – BAD FAITH

For her second count, Plaintiff re-alleges the allegations contained in Paragraphs 1 through 11 of the Petition and further alleges:

12. Defendant unreasonably and in breach of the duty of good faith and fair dealing it owed to Plaintiff, denied the Plaintiff's claim for the damages to her roof and for the majority of the damages to the interior of her home.

13. Due to the Defendant's failure to deal with Plaintiff fairly and in good faith, Plaintiff has sustained damages in excess of the amount required for diversity jurisdiction and is entitled to punitive damages in an amount to be determined by the jury, together with all costs incurred in connection with the prosecution of this action, reasonable attorney's fees and all other relief that is deemed reasonable and proper by the Court.

WHEREFORE, Plaintiff prays that judgment be entered on her behalf against Defendant in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, and is entitled to punitive damages in an amount to be determined by the jury, together with all costs incurred in connection with the prosecution of this action, reasonable attorney's fees and all other relief that is deemed reasonable and proper by the Court.

Respectfully submitted,

*[signature]*

Robert N. Naifeh, Jr., OBA No. 10419
Rachel R. Shephard, OBA No. 22123
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3300
Telephone:   405-528-6569
Facsimile:    405-528-6462
Email: rnaifeh@derryberrylaw.com
Email: rshephard@derryberrylaw.com