IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUISE GRAUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-49-RAW |
| ) | |
| SOUTHERN INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the motion of defendant to dismiss. Plaintiff commenced the action by petition filed in state court, asserting breach of contract and bad faith on defendant's part in dealing with plaintiff's insurance claim. Defendant removed the case to this court and then filed the present motion.

Defendant seeks to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. and under the governing Supreme Court standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Gee v. Pacheco,* 627 F.3d 1178, 1184 (10th Cir.2010).

The petition alleges that plaintiff suffered roof damage on or about March 1, 2008, and had repairs performed. In March of 2010, plaintiff discovered water had leaked through the roof and submitted a policy claim to defendant. Defendant made partial payment for interior damage. In March of 2011, plaintiff discovered additional water damage to the home's interior and notified defendant. In July of 2011, defendant made another partial payment. As stated, plaintiff alleges defendant's conduct constituted breach of contract and bad faith.

Defendant's argument for dismissal is straightforward: the lawsuit was commenced too late under the policy, which provides that any suit must be brought "within two years after the loss." Defendant argues the point of loss was March, 2008, while the lawsuit was not filed until July, 2012, and is therefore time-barred. Defendant has cited treatises and cases from other jurisdictions indicating that the majority view is there is no "discovery rule" in cases of this type. In other words, an insured's failure to discover a loss or damage does not toll the limitations period. There are decisions to the contrary.

Defendant also notes, however, that "there does not appear to be any Oklahoma case law addressing this issue. . . " (Motion at 4). This court declines to dismiss a case based upon this court's resolution of unsettled state law. To judge whether the petition has alleged sufficient facts for "facial plausibility" requires a legal standard by which to measure the allegations. At this time, such a standard has not been articulated by an Oklahoma appellate court. To be sure, the same issue of state law may present itself in the context of a summary

2

judgment motion, but perhaps not, depending upon the facts developed by the discovery process.

It is the order of the court that the motion to dismiss (#6) is DENIED.

**ORDERED THIS 12th DAY OF MARCH, 2013.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**